Vance v. Sanders.

## VANCE v. SANDERS et al.

CHANCERY PRACTICE. *Insolvent Proceedings. Bill filed by administrator for sale of land. Statute of Limitations.* Where an administrator files a bill to sell land descended to heirs of the estate, for the payment of debts, the statute of limitations will not operate against a creditor, though he be no party to the suit, whose debt was alive at the filing of the bill. Whether his claim be designated at the time or not, if pending the investigations, it is recognized as a valid debt within the time for bringing suits against administrators, as no bar can arise from the time that elapsed after the bill is filed, and thus making him

so far a party to the suit that further steps are not necessary to entitle him to share in the proceeds of the sale.

Cases cited: Duller *v.* Read, 6 Yer., 53; Martin *v.* Blakemore, 5 Heis., 50.

Code cited: Sec. 2267.

Facts: The court say: "In the present case the administrators failed to designate any creditor whose debt was admitted to be valid and subsisting, although he alleged that there were such creditors, to satisfy whose debts the land ought to be sold. In the course of the investigation, however, in answer to the cross-bill of the heirs, he designates the debt of ———— as valid and subsisting. This answer was filed within the two years allowed for suing, and may be regarded in the nature of an amendment to the bill From that time he became so far a party as to prevent the running of the statute."

---

### FROM HAWKINS.

---

Appeal from the Chancery Court. S. J. W. LUCKEY, Chancellor.

NETHERLANDS, SHIELDS and FULKERSON for complainant.

JAS. P. EVANS for defendants.

THOS. MCDERMOTT for creditor Daniel Kite.

NICHOLSON, C. J., and MCFARLAND, J., delivered the opinion of the court.

The complainant, who administered upon the estate of John R. Sanders, deceased, on the — day of August, 1861, filed this bill on the 16th of February, 1867, to sell lands descended to the heirs for the payment of debts.

The bill alleges in general terms that the personal assets in their hands have been exhausted, leaving a

considerable outstanding indebtedness due from the estate, but no debt is specified, nor is the name of any creditor given.

The heirs filed an answer and cross-bill, in which they call upon the administrators for an answer as to various matters, and among others, call upon them to answer and show what debts are still due from the estate, and whether they had requested any of such creditors to delay suit. In answer to this the administrators file a schedule of the debts which they say are still due from the estate; they say that there was no special request of creditors to hold up their claims for any specified time.

The cause was referred to a special commissioner, who made and filed his report. Various exceptions were taken by the complainants and defendants, but they are all now abandoned, and the only question before us is in regard to one claim. The commissioner reported all the debts barred by the statute of two years. Kite, one of the creditors, obtained leave and filed an exception, which was sustained, and a decree rendered for the sale of land for the payment of this debt. The heirs have appealed. Under the suspension of the statute during the war, the creditors had two years from the 1st of January, 1867, in which to sue, so that this claim would be barred on the 1st of January, 1869, unless saved for some reason. The debt was not barred when the bill was filed.

It is argued that under the act of 1827, Code, sec. 2267, a bill of this character for the sale of land may be filed either by administrator, or by a creditor

for himself and other creditors, and in either event the suit is begun for the benefit of creditors whether they are parties infact or not, and consequently, if the debt is not barred when the bill is filed, no bar can arise from the time that elapses after the bill is filed.

For this we are referred to the case of *Duller* v. *Read*, 6 Yer., 53, which was a bill filed under this act. In that case suits at law had been brought by the creditors. The bill was filed by part of the creditors in behalf of themselves and the others, and an injunction obtained against the prosecution of the suits at law. It prayed for an account of the personal assets, the ascertainment of the amount due the creditors, and a sale of land to pay the debts. It was held that the relief prayed for was proper; that an injunction against proceeding against the real estate at law was appropriate; that separate proceedings of the same character were not contemplated; and that all debts shown to exist during the proceeding should be paid, whether mentioned in the bill or not. It is not probable that in a case of that character the injunction should restrain the prosecution of litigated actions to judgment, and transfer all such cases to be settled in one chancery proceeding; but the injunction should only restrain the creditors from proceeding by *scire facias* at law to subject the real estate to the satisfaction of their judgments. The two objects to be accomplished by the act was to prevent great accumulation of costs, and also to prevent the lands being sacrificed to one creditor only.

In the present case the creditor was not made a

party, nor did he in any manner ever become a party, there was no injunction against his prosecuting an action at law to judgment, nor was there any request for delay in accordance with sec. 2785, unless the filing of this bill of itself had that effect.

We cannot hold that the filing of this bill, without naming any creditor, was in effect a bill prosecuting for all the creditors, who may upon taking the account claim the benefit of it without becoming a party to the proceeding, unless the fact that it appears from the answer to the cross-bill that this was one of the debts intended to be provided for by filing the bill, has that effect.

It has been several times held that in an insolvent bill the creditors must come in and be made parties, or file their claims with the master and take his receipt as the statute requires, within the time limited, or the claims will be barred. *Martin* v. *Blakemore*, 5 Heis., 50.

This, however, is under the insolvent laws, and not under the act of 1827. If the claim is a valid and subsisting claim, not barred by the statute of limitations, the personal representative has the right, after the personal estate is exhausted, to have a decree for a sale of real estate to pay the same.

It is not essential in this proceeding that the creditors should be parties, although they may be parties, but it is essential that it shall appear that the debts are not barred.

It was determined in the case of *Duller* v. *Read,* already referred to, that it was intended by the act

of 1827 that the bill should have the same effect, whether filed by the administrator or a creditor. In either case the object is to bring in all the creditors so that the chancellor having an account of all the debts before him should take the land into the custody of the court, and direct its sale for the benefit of all, under such circumstances as would insure the best price. It was not intended that those only of the creditors who are named as creditors in the bill should receive their shares of the proceeds, but also that all such debts as in the course of the investigation which is originated by such bill may be shown to exist, should be provided for.

It would seem to follow, that as to those creditors whose debts are conceded in the bill to be subsisting, and as to those whose debts are shown in the course of the investigation to be existing, they are so far regarded as parties to the suit, that no further steps are necessary to entitle them to share in the proceeds of the sale. The administrator is considered as filing the bill on behalf of all such creditors, and in that respect the bill has the same effect as when it is filed by one creditor for himself and for all other creditors who may come in and establish their debts. In either case, if the debts are established within the time for bringing suits against administrators, they will be allowed.

In the present case the administrators failed to designate any creditor whose debt was admitted to be valid and subsisting, although he alleged that there were such creditors, to satisfy whose debts the land

ought to be sold. In the course of the investigation, however, in answer to the cross-bill of the heirs, he designates the debt of ——— as valid and subsisting. This answer was filed within the two years allowed for suing, and may be regarded in the nature of an amendment to the bill. From that time he became so far a party as to prevent the running of the statute.

The chancellor so held; his decree is affirmed with costs.